UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

JOSE ANGEL MALDONADO,

    Plaintiff,

v.

CONTENDER BOATS, INC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JOSE ANGEL MALDONADO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, (hereafter referred to as "Defendant") and as CONTENDER BOATS, INC., grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

### PARTIES

2. Plaintiff, Jose Angel Maldonado, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, Contender Boats, Inc. is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. At all times material hereto Defendant was an "employer" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. The Plaintiff is a Puerto Rican Hispanic Male.

12. In or about the year 2014, the Plaintiff began working for Defendant as a machine technician.

13. On or about January 2021, an incident occurred at Defendant's workplace where Plaintiff assigned a task to a group of employees who were Haitian, who were later sent home for failing to accomplish the said task.

14. The following day, three Haitian individuals from the group who were sent home the previous day showed up to Defendant's workplace in a violent fashion.

15. Particularly, one of the Haitians employees with a pair of scissors in his hand, walked towards Plaintiff with the intent to attack him. The Plaintiff had to defend himself to prevent getting possibly seriously hurt from the attack.

16. After the incident, Plaintiff requested that Defendant investigate the attack that occurred. When Plaintiff made the request, he was sent home by Defendant without being suspended or warned.

17. After being sent home, Defendant terminated Plaintiff and not any of the employees who assaulted Plaintiff or arrived in Defendant's workplace in a violent matter.

18. Plaintiff realized that the reason he was terminated by the Defendant was solely because he was Puerto Rican, and Defendant preferred to work with Haitian employees.

19. The Plaintiff never had any issues, warnings, or disciplinary actions during his entire tenure with Defendant. Plaintiff was even chosen by the Defendant to appear on the company's brochures, and marketing campaign to advertise the company.

20. The Plaintiff was qualified to do his job as a machine technician.

21. As a result of Defendant's discriminatory treatment of the Plaintiff based on his national origin, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I

### National Origin Discrimination in Violation of the Title VII

22. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 21, as if fully set forth herein.

23. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin.

24. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

25. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

26. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

27. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

28. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

29. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

30. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

d. An award of punitive damages;

e. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

f. Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088